UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN HOSPITAL AND
CLINICS, INC.,

        Plaintiff,                         Case No.: 13-V-172

v.

AETNA LIFE INSURANCE COMPANY,

        Defendant.

---

## NOTICE OF REMOVAL

---

TO:    Clerk of Court                              Attorney Mark S. Sweet
        U.S. District Court                     Neuberger, Wakeman, Lorenz, Griggs & Sweet
        Western District of Wisconsin       136 Hospital Drive
        120 North Henry Street, Room 320  Watertown, Wisconsin 53098
        Madison, WI 53703

Defendant Aetna Life Insurance Company ("Aetna"), by and through its attorneys, Wilson Elser Moskowitz Edelman and Dicker LLP, pursuant to 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby seeks removal of civil action 13-CV-0354 from the Dane County Circuit Court to the United States District Court for the Western District of Wisconsin. In support of such removal, Aetna alleges and shows the Court as follows:

        1.        The Summons and Complaint in this civil action filed on or about January 30, 2013 in the Dane County Circuit Court for the State of Wisconsin, captioned *University of Wisconsin Hospital and Clinics, Inc. v. Aetna Lie Insurance Company,* Case No. 13-CV-354, were served on February 8, 2013 on Aetna Life Insurance Company, through CT Corporation System, its registered agent for purposes of service of process in Wisconsin. In compliance with

45913v.1

28 U.S.C. § 1446(b), Aetna files this Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claims for relief upon which this action or proceeding is based and within thirty (30) days after service of summons and complaint on defendant Aetna. Copies of the Summons and Complaint are attached hereto as Exhibit A. The Complaint is the only pleading that has been received by Aetna and that, upon information and belief, has been filed with the court at this time in this matter.

2. The above action is a civil action for which the court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Safeco Insurance Company of America by virtue of the provisions of 28 U.S.C. § 1441(a) in that this is a civil action arising under the Constitution, laws or treaties of the United States.

3. Plaintiff's five count complaint alleges claims for Breach of Contract; Breach of Contract Implied in Fact; Quasi Contract and Unjust Enrichment; Breach of Implied Covenant of Good Faith; and Interest Under Wis. Stat. § 628.46, based on Plaintiff's assertion that it is entitled to additional payments for treatment and care that it rendered to patient Christine Severson pursuant to the contract between Christine Severson and Defendant Aetna because it is a "third party beneficiary of the contract of insurance between Defendant Aetna Health and Christine Severson." *(Compl. ¶ 5)*. Patient Christine Severson is covered under a self-funded employee welfare benefit plan established and maintained by her employer Kraft Foods Group, Inc. ("the Plan") under the Employee Retirement Income Security Act of 1974 *(29 U.S.C. § 1001)*. A true and correct copy of the benefit booklet is attached hereto as Exhibit B. As the Plan is governed by ERISA, the enforcement of rights under it is governed by federal law and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987); see also *Stuart v. Unum,* 217

F.3d 1145, 1150 (9th Cir. 2000). Federal law under ERISA controls actions brought to recover benefits and to enforce rights under employee welfare benefit plans. 29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co.,* 481 U.S. at 41. As such, this Court has jurisdiction under 28 U.S.C. § 1131, 29 U.S.C. §§ 1132(e)(1), 1144 over matters arising under ERISA. ERISA completely preempts all of Plaintiff's state law claims. Plaintiff's claims are, in fact, claims arising under federal law because they relate to an employee benefit plan. Thus, this matter is removable to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542, 1547 (1987). This complete preemption operates to confer federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint. *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999). Removal of such cases to federal court is proper. *Taylor,* 481 U.S. at 58. Based on the facts set forth above, which were true at the time the Complaint was filed and remain true as the date of filing of this Notice of Removal, this action is governed by ERISA and therefore properly removed to this Court under 28 U.S.C. § 1441(b).

4. Because service of process on Aetna Life Insurance Company was less than thirty days before the filing of this Petition, removal is timely pursuant to 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(d), Aetna Life Insurance Company will promptly file a copy of this Notice with the Clerk of Circuit Court in Dane County, Wisconsin, and will give notice thereof to the Plaintiff. A copy of the Notice of Filing of Notice of Removal is attached hereto and incorporated herein by reference as Exhibit C.

**WHEREFORE**, Defendant Aetna Life Insurance Company respectfully requests that the above-entitled action, now pending in the Circuit Court of Dane County, Wisconsin, be removed to this Court.

Dated this \_\_\_\_ day of March, 2013.

                                                      */s/ Christina A. Katt*
                                                      Edna Kersting, State Bar No.
Sean Gaynor, State Bar No. 1032820
Christina A. Katt, State Bar No. 1073979
Attorneys for Defendant
WILSON ELSER MOSKOWITZ EDELMAN &
DICKER LLP
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
(414) 276-8816
(414) 276-8819
edna.kersting@wilsonelser.com
sean.gaynor@wilsonelser.com
christina.katt@wilsonelser.com

45913v.1