MARYANN SUMI
CIRCUIT COURT, BR. 2

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT BRANCH<br>2013 JAN 30 AM 10:26<br>DANE CO. CIRCUIT COURT | DANE COUNTY |

UNIVERSITY OF WISCONSIN
HOSPITAL AND CLINICS, INC.,
a Wisconsin Non-Profit Corporation
600 Highland Avenue
Madison, WI 53792,

    Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,
a Pennsylvania Corporation
P.O. Box 981106
El Paso, TX 79998,

    Defendant.

**13CV0354**
Case No.
Other Contracts: 30303

THIS IS AN AUTHENTICATED COPY OF THE
ORIGINAL DOCUMENT FILED WITH THE DANE
COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

## SUMMONS

### THE STATE OF WISCONSIN

**To the Entity named above as a Defendant:**

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. **The Answer must be sent or delivered to the Court, whose address is City-County Building, 215 South Hamilton Street, Madison, WI 53703, and to Plaintiff's attorneys, Neuberger, Wakeman, Lorenz, Griggs & Sweet, whose address is 136 Hospital Drive, Watertown, Wisconsin, 53098.** You may have an attorney help or represent you.

If you do not provide an Answer within forty-five (45) days, the Court may grant Judgment


EXHIBIT A

1

against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

**If you require assistance of auxiliary aids or services because of a disability, call (608) 266-4678 (TDD (608) 266-9138) and ask for the Court ADA Coordinator.**

Dated this 29th day of January, 2013.

NEUBERGER, WAKEMAN,
LORENZ, GRIGGS & SWEET
Attorneys for Plaintiff University of
Wisconsin Hospital and Clinics, Inc.

By /s/ Mark S. Sweet
Mark S. Sweet, SB No. 1019001
136 Hospital Drive
Watertown, WI 53098
(920) 261-1630
FAX: 920-261-0339

| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 2013 JAN 30 AM 10:27 DANE CO. CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| UNIVERSITY OF WISCONSIN HOSPITAL AND CLINICS, INC., a Wisconsin Non-Profit Corporation 600 Highland Avenue Madison, WI 53792, <br><br> Plaintiff, <br><br> vs. <br><br> AETNA LIFE INSURANCE COMPANY, a Pennsylvania Corporation P.O. Box 981106 El Paso, TX 79998, <br><br> Defendant. | | Case No. **13CV0354** <br> Other Contracts: 30303 <br><br><br> THIS IS AN AUTHENTICATED COPY OF THE ORIGINAL DOCUMENT FILED WITH THE DANE COUNTY CLERK OF CIRCUIT COURT. <br><br> CARLO ESQUEDA <br> CLERK OF CIRCUIT COURT |

## COMPLAINT

NOW COMES the Plaintiff, University of Wisconsin Hospital and Clinics, Inc. by and through its attorneys, Neuberger, Wakeman, Lorenz, Griggs & Sweet, by Mark S. Sweet, to file the following Complaint in Civil Action, and in support thereof avers the following:

1. The Plaintiff, University of Wisconsin Hospital and Clinics, Inc., is a Wisconsin Non-Profit Corporation that operates a hospital located in Dane County at 600 Highland Avenue, Madison, Wisconsin 53792.

2. On information and belief, Defendant Aetna Life Insurance Company does business as Aetna Health, and is a Pennsylvania corporation that has a business address of P.O. Box 981106, El Paso, Texas 79998 and regularly, systematically, and continuously provides health insurance coverage and conducts other aspects of insurance related business in the State of Wisconsin and in Dane County, Wisconsin (hereinafter referred to as Aetna Health).

1

3. Christine Severson is an adult individual currently residing in Dane County at 13 Menomonie Ct., Madison, Wisconsin 53704.

4. At all times pertinent hereto, Defendant Aetna Health provided health insurance to Christine Severson under a policy which contract bore the subscriber identification number W460641237. (A copy of said policy is in the possession of the Defendant and is therefore not attached hereto).

5. Plaintiff's hospital is the third party beneficiary of the contract of insurance between Defendant Aetna Health and Christine Severson.

6. Pursuant to said contract between Christine Severson and the Defendant, the Defendant is obligated to pay for healthcare services.

7. Pursuant to said contract between Christine Severson and the Defendant, Christine Severson or her medical provider is required to obtain a preauthorization, wherein the Defendant pre-approves treatment within one business day of in-patient admissions..

8. On or about, July 12, 2012, Christine Severson was admitted to the University of Wisconsin Hospital and Clinics to undergo a revision of a procedure which had been previously placed during an earlier procedure.

9. On July 11, 2011, in accordance with the Aetna Health guidelines, UWHC personnel contacted Defendant, Aetna Health and spoke with a representative who indicated that the "notification requirements were met" and issued an authorization number of #07112012BC.

10. Plaintiff submitted its bill in the amount of $26,178.57 to Defendant for charges incurred in providing Defendant's insured with medical treatment that took place in Plaintiff's hospital on July 12, 2011. Aetna Health applied a contract adjustment,

and denied the remainder of Plaintiff's bill for lack of preauthorization leaving an outstanding balance of $21,466.43.

11. Following Defendant's denial of payment due to lack of preauthorization, Plaintiff submitted several appeals through Aetna Health's appeals process, asking that retro-authorization be granted, but those appeals were denied.

12. To date, the Plaintiff's outstanding hospital bills remain $21,466.43.

13. To date, the Defendant has not made payment of the amount owed in spite of having all necessary information indicating that it has an obligation to make payment to the Plaintiff in full.

## COUNT I
## BREACH OF CONTRACT

14. Paragraphs one (1) through and including thirteen (13) are hereby incorporated by reference as if fully set forth herein.

15. The Plaintiff, at all times relevant to this action, fully complied with the terms and conditions of the agreement including any and all conditions precedent and subsequent to the Plaintiff's right to recover under the agreement.

16. The aforementioned contract between Plaintiff and the Defendant was a validly and mutually assented to contractual arrangement which was supported by legal and valuable consideration.

17. In contrast, the Defendant intentionally and materially breached its obligations and duties arising under the agreement, in some or all of the following particulars:

    a. In failing to make proper reimbursement of claims made under the contract when its obligation to make payment became reasonably clear;

    b. In acting in direct violation of the terms and conditions of the agreement;

3

    c.    In dilatory and abusive claims handling practices; and

    d.    In placing unduly restrictive and self-serving interpretations on the processing of the Plaintiff's claims and through its claims handling practices.

## COUNT II
## BREACH OF CONTRACT IMPLIED IN FACT

18. Paragraphs one (1) through and including seventeen (17) are hereby incorporated by reference as if fully set forth herein.

19. In the alternative, should this Court find that the parties are not in direct contract with one another, the course of conduct between the parties gives rise to a contract implied in fact.

20. The Plaintiff reasonably expected to be compensated in return for the services rendered to the Defendant's insured.

21. The Defendant knew that the Plaintiff expected compensation in return for the services provided to its insured, as evidenced by the party's course of conduct, course of dealing, and the communication described above.

22. The Plaintiff fulfilled all of its contractual obligations and contingencies, including any and all conditions precedent to the contract implied in fact between the parties.

23. In contrast, the Defendant intentionally and materially breached its obligations and duties by failing to remit payment of the $21,466.43 presently owed for the treatment of its insured.

## COUNT III
## QUASI CONTRACT AND UNJUST ENRICHMENT

24. Paragraphs one (1) through and including twenty-three (23) are hereby incorporated

by reference as if fully set forth herein.

25. In the alternative, should this Court find that the parties are not in direct contract nor in an implied-in-fact contract with one another, the course of conduct, course of dealing, and communication between the parties give rise to a quasi-contract.

26. A duty should be imposed on the Defendant to pay the reasonable value for the services the Plaintiff performed for the benefit of the Defendant's insured, Christine Severson.

27. The Plaintiff conferred the benefit of the full value of the medical treatment provided to Defendant's insured, Christine Severson.

28. The Defendant and its insured have gained the benefit of Plaintiff's medical services, to the detriment of the Plaintiff who remains unpaid.

29. It would be unjust for the Defendant to retain the value of these services without payment of their full value.

## COUNT IV
## BREACH OF IMPLIED COVENANT OF GOOD FAITH

30. Paragraphs one (1) through and including twenty-nine (29) are hereby incorporated by reference as if fully set forth herein.

31. The Plaintiff has a valid assignment from Defendant's insured, Christine Severson, and is asserting its right to recover benefits under the contract for health care coverage between the Defendant and Christine Severson.

32. Defendant's insured, Christine Severson, has fully complied with all conditions necessary to effectuate payment of these medical claims.

33. The Defendant intentionally and materially breached its obligations and duties arising under implied covenant of good faith, in some or all of the following particulars:

a. In failing to make proper reimbursement of claims when its obligation to make payment became reasonably clear;

b. In failing to fairly evaluate the patient's claims;

c. In dilatory and abusive claims handling practices; and

d. In placing unduly restrictive and self-serving interpretations on the processing of the claims and through its claims handling practices.

## COUNT V
## INTEREST UNDER WIS. STAT. § 628.46

34. Paragraphs one (1) through and including thirty-three (33) are hereby incorporated by reference as if fully set forth herein.

35. Plaintiff furnished repeated written notice of the medical bills incurred in the treatment of Defendant's insured.

36. To date, full payment has not been received by the Plaintiff.

37. The Plaintiff is due interest at the rate of 12% per year on the overdue amount of $21,466.43.

WHEREFORE, the Plaintiff demands judgment as follows:

As to Count I, judgment against the Defendant, Aetna Life Insurance Company, in an amount to be determined at the time of trial, plus interest thereon.

As to Count II, judgment against the Defendant, Aetna Life Insurance Company, in an amount to be determined at the time of trial, plus interest thereon.

As to Count III, judgment against the Defendant, Aetna Life Insurance Company in an amount to be determined at the time of trial, plus interest thereon.

As to Count IV, judgment against the Defendant, Aetna Life Insurance Company in an amount to be determined at the time of trial, plus interest thereon.

As to Count V, judgment against the Defendant, Aetna Life Insurance Company.

1. In an amount to be determined at the time of trial, plus interest thereon;

2. Pre-judgment interest at the rate of 12%, plus reasonable attorney's fees, cost and disbursements associated with this action pursuant to Wis. Stat. Sec. 628.46; and

3. Any further relief the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE.**

Dated this 29th day of January, 2013.

                                             NEUBERGER, WAKEMAN,
                                             LORENZ, GRIGGS & SWEET
                                             Attorneys for Plaintiff University of
                                             Wisconsin Hospital and Clinics, Inc.

By _____
                                             Mark S. Sweet, SB No. 1019001
                                             136 Hospital Drive
                                             Watertown, WI 53098
                                             (920) 261-1630
                                             FAX: 920-261-0339